IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MICHAEL RAY ARNOLD, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:22-cv-01098-SHM-tmp |
| BRANDON TAYLOR, ET AL., ) | |
| Defendants. ) | |

**ORDER DIRECTING CLERK TO MODIFY THE DOCKET; DISMISSING THE CONSOLIDATED COMPLAINT (ECF NOS. 1, 6 & 8) WITHOUT PREJUDICE; AND GRANTING LEAVE TO AMEND CLAIMS IN THE COMPLAINT**

On May 18, 2022, Plaintiff Michael Ray Arnold, an inmate at Hardin County Correctional Facility, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Arnold is presently incarcerated at the McNairy County Jail (the "MCJ") in Selmer, Tennessee. (ECF No. 9 at PageID 24.) On June 2, 2022, Arnold filed a letter in support of his complaint. (ECF No. 6 (the "First Letter").) On June 14, 2022, the Court granted leave to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, et seq. (the "PLRA"). (ECF No. 7 (the "IFP Order").) On June 27, 2022, Arnold filed a second letter in support of his complaint. (ECF No. 8 (the "Second Letter").) On September 26, 2022, Arnold filed a notice of change of address. (ECF No. 9.) The Court CONSOLIDATES the complaint (ECF No. 1), the First Letter (ECF No. 6), and the Second Letter (ECF No. 8) as the "Consolidated Complaint" for the purpose of screening Arnold's claims pursuant to the PLRA. Arnold's Consolidated Complaint is before the Court.

The Consolidated Complaint is based on an incident that occurred on June 1, 2021, between Arnold and two McNairy County Sheriff's Deputies in Michie, Tennessee. The Consolidated Complaint is liberally construed to assert a claim for excessive use of force. (ECF Nos. 1, 6 & 8 at PageID 2, 16, 20.) Arnold names two Defendants: (1) Brandon Taylor; and (2) Ricky Finley, Deputies at the McNairy County Sheriff's Department (the "MCSD"). (ECF No. 1 at PageID 2.) Arnold does not state the capacity in which he sues each Defendant. (*See id.*) Arnold seeks to have Taylor and Finley terminated from law enforcement and ten thousand dollars ($10,000.00) damages from each Defendant. (ECF No. 1 at PageID 3.)

For the reasons explained below, the Court: (1) DISMISSES Arnold's § 1983 Consolidated Complaint WITHOUT PREJUDICE for failure to state a claim to relief against Defendants Taylor and Finley in their official capacities and against their employer McNairy County; and (2) GRANTS leave to amend the claims dismissed without prejudice.

The Clerk is DIRECTED to add McNairy County as Defendant.

I.  **BACKGROUND**

The Court assumes Arnold's allegations are true for purposes of screening the Consolidated Complaint. On June 1, 2021, Arnold was sitting in a vehicle in the driveway of a home on Hamburg Rd. in Michie, Tennessee (ECF No. 8 at PageID 20.) Arnold alleges McNairy County Deputies Taylor and Finley were dispatched to the Hamburg Rd. home on a "false allegation." (ECF No. 6 at PageID 16.) Arnold alleges Taylor and Finley arrived and began approaching him as he stood between the vehicle's open door and frame. (ECF No. 8 at PageID 20.) Arnold alleges Defendants told him he was under arrest as they approached him. (*Id.*) Arnold had both of his hands up and in front of him and alleges he was "no threat to the Officers." (*Id.*) Arnold alleges he began to ask Defendants about probable cause when Defendants "rushed and tackled [him] to

2

the ground." (*Id.*)  While Arnold was on the ground, Taylor tried to choke him from behind while Finley struck him in the body and ribs with "closed fists." (*Id.*)  Arnold alleges he lay on the ground because Finley had broken one of Arnold's ribs. (*Id.*)  During the incident, Arnold's prosthetic leg fell off so that he was unable to stand. (*Id.*)  Defendants dragged Arnold to his prosthetic leg after he told them that it had fallen off and he couldn't stand. (*Id.*)  Arnold alleges he suffered "road rash and deep cuts" to his "good" leg because the Defendants dragged him. (*Id.*)

Defendants took Arnold to the McNairy County Jail where Sheriff F/N/U Guy released Arnold because of his injuries. (*Id.* at PageID 20-21.)  Arnold alleges he has photographs of his injuries on his phone. (*Id.* at PageID 21.)

## II. SCREENING

### A. LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint — (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).  In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), and in *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at

679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B. REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Arnold sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### III. ANALYSIS

Arnold does not specify whether he sues Taylor and Finley in their official or individual capacities. The Sixth Circuit requires plaintiffs to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Wells*, 891 F.2d at 592. "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir.

2002) (citing *Wells*, 891 F.2d at 593). The Court will treat Arnold's claims against Taylor and Finley as official capacity claims. Arnold's official capacity claims against Taylor and Finley, who worked at MCSD, are claims against McNairy County, Tennessee (the "County"), which owns and operates Defendants' employer, MCSD. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). The County may be held liable only if Arnold's injuries were sustained pursuant to an unconstitutional custom or policy of the County. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't,* 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby making clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). Arnold does not allege that he has been deprived of a constitutional right because of a policy or custom of the County. Arnold's allegations are based on excessive force by the MCSD. (ECF Nos. 1, 6 & 8 at PageID 2, 16, 20-21.) Arnold does not state a claim to relief against Defendants in their official capacities or against their employer McNairy County because Arnold fails to allege facts demonstrating any official policy or custom of the County much less an unconstitutional policy that injured him. Arnold's claims against Taylor and Finley in their official capacities and their employer McNairy County are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating claims to relief.

## IV. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (*per curiam*) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts"). The Court grants leave to amend the complaint under the conditions set forth below.

## V. CONCLUSION

For the reasons set forth above:

    A.    The Consolidated Complaint (ECF Nos. 1, 6 & 8) is DISMISSED WITHOUT PREJUDICE in its entirety for failure to allege facts stating a claim to relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2); and

B. Leave to amend the complaint is GRANTED. Amended claims must be filed within twenty-one (21) days of the date of this Order. An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule Eight's requirement of a short and plain statement of Arnold's claims. An amended complaint supersedes the complaint and must be complete in itself without reference to the prior pleadings. Arnold or his counsel must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Arnold fails to file an amended complaint within the time specified, the Court will dismiss the complaint with prejudice and enter judgment. For § 1915(g) analysis, the Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021). The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

IT IS SO ORDERED, this 25th day of April, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE